**Gregory P. Lynch**, OSB No. 752340
glynch@lynchconger.com
**Shannon McCabe**, OSB No. 143812
smccabe@lynchconger.com
**Benjamin Becker**, OSB No. 103358
bbecker@lynchconger.com
LYNCH CONGER LLP
1000 SW Disk Drive
Bend, Oregon 97702
Telephone:  541.383.5857
Facsimile:  541.383.3968

*Attorneys for Plaintiff Dr. Charles McGrath*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **DR. CHARLES MCGRATH**, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>**UNITED STATES DEPARTMENT OF THE INTERIOR; UNITED STATES, BUREAU OF LAND MANAGEMENT**, an Agency of the United States Department of the Interior; **DENNIS TEITZEL**, District Manager, Prineville District, Bureau of Land Management; and **JEFFREY KITCHENS**, Deschutes Field Manager, Prineville District, Bureau of Land Management,<br><br>                    Defendants. | Case No. 2:21-CV-00595<br><br>COMPLAINT<br>(Administrative Procedures Act, 5 U.S.C. §§ 701-706; 5 U.S.C. § 555)<br>DEMAND FOR JURY TRIAL |

Page 1 -    COMPLAINT

Plaintiff Dr. Charles McGrath ("Plaintiff") alleges as follows:

## NATURE OF ACTION

1. This case involves Defendant Bureau of Land Management's ("BLM") failure to take action required by the rules and laws governing it that requires Defendant to sell land to Plaintiff and thereby remediate Plaintiff's unintentional occupancy of BLM land.

2. Plaintiff seeks relief in the form of a court order compelling Defendant BLM, a federal administrative agency, to take the action it is obligated to take by law.

## PARTIES

3. Plaintiff Dr. Charles McGrath is a citizen of the United States and resides in Crook County, Oregon, which is in this judicial district.

4. Defendant United States Department of the Interior is a federal executive department of the United States government charged by law with administering public lands, including the BLM.

5. Defendant BLM is an agency within the United States Department of the Interior.  BLM administers the public lands of the United States including lands located in the Prineville District.  The BLM conducts business and operates a regional office in Crook County, Oregon.

6. Defendant Dennis Teitzel is the District Manager for the Prineville District of the BLM.  Defendant Teitzel is sued in his official capacity.

7. Defendant Jeffrey Kitchens is the Deschutes Field Manager for the Prineville District of the BLM.  Defendant Kitchen is sued in his official capacity.

Page 2 -   COMPLAINT

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, including the jurisdiction to review agency action. An actual, justiciable controversy now exists between Plaintiff and Defendants. The requested relief therefore is proper under 28 U.S.C. §§ 201-2202 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA").

9. The BLM has waived sovereign immunity from suit by operation of the APA pursuant to 5 U.S.C. § 701.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and (e)(1)(B) because a substantial part of the events or omissions giving rise to the claims occurred herein and because a substantial part of the property that is the subject of the action is situated herein. Venue is proper in this divisional venue under LR 3-2.

## GENERAL ALLEGATIONS

11. At the heart of this matter is a 5,000-acre tract of land located in Crook County, Oregon, in addition to certain improvements that were originally believed to be located within that tract of land. Long after construction of the improvements and shortly after Plaintiff purchased the property and improvements, it was discovered that the improvements did not actually sit within the tract of land. Instead, they sat a short distance outside of the tract's boundaries, on land owned by Defendant BLM. This lawsuit is the latest development in Plaintiff's 12-year attempt to remedy the unintentional occupancy of federal land.

Page 3 -    COMPLAINT

LYNCH CONGER LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1000 SW DISK DRIVE
BEND, OREGON 97702

12.     In April of 1995, the Crook County Planning Department granted approval for the tract's previous owners, the Watsons, to build a farm residence on a portion of the 5,000-acre parcel described as T. 16 S., R. 18 E., Section 9, Tax Lot 300.  The Crook County Planning Department files indicate that all necessary permits, including a building permit and a permit for an onsite sewage system, were issued by Crook County, but without verifying the location.  In addition, real property taxes have been paid annually on these improvements - since 1995 by the previous owners, and since 2008 by Plaintiff.  The actual footprint of the homestead area containing the improvements on public land including the log home, comprises approximately 10 acres in the northwest corner of the BLM's following described public land: T. 16 S., R. 18 E., Section 8, SE NW, NE SW; comprising 80 acres.

13.     By 2008, the previous owners' improvements consisted of a 2,500 square foot log home, two barns, a greenhouse, a windmill, and a buried water pipeline that provides domestic water from a developed spring on private land to a water storage tank.  In 2008, the previous owners, believing themselves the owners of the improvements and land upon which they sat, sold their property to Plaintiff and Jennipher Grudzien for 2.5 million dollars.

14.     At the time of the purchase and currently, Plaintiff owned several thousand acres adjacent to the 5,000-acre tract.  Plaintiff uses the land to run a commercial cattle operation.

15.     Shortly after purchasing the 5,000-acre tract, in 2008, Plaintiff discovered the previously unknown encroachment onto BLM owned land and promptly brought the issue to the attention of the Prineville District of the BLM.  BLM initiated a cadastral survey

Page 4 -    COMPLAINT

LYNCH CONGER LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1000 SW DISK DRIVE
BEND, OREGON  97702

which verified the encroachment. Neither the previous owners, Plaintiff, nor Defendant BLM were aware of the encroachment at any time prior.

16. Plaintiff met with BLM officials to discuss available alternatives to resolve the inadvertent trespass. Because the log home and the improvements were a substantial part of the sale to Plaintiff, the Watsons were willing at that time to rescind the purchase agreement and return to Plaintiff the money paid to acquire the property.

17. At that time, BLM officials advised Plaintiff that remediation by removal of the encroaching structures would not be required and that the BLM would consider and pursue remediation by means of other available alternatives which would ultimately allow Plaintiff ownership of the affected public land and the improvements which Plaintiff has continuously occupied and paid taxes on since 2008.

18. In reliance upon that commitment, Plaintiff ratified the purchase of the Watson property and assumed the responsibility for the existence and the remediation of the encroachment.

19. From Plaintiff's initial meeting with BLM officials meeting in April of 2008, through and including the 13th of March 2013, and despite periodic inquiries by Plaintiff, no action of any kind was taken, nor efforts made by the BLM toward remediation.

20. In March of 2013, Plaintiff reached out via email to the BLM official in charge of remediation and proposed a land exchange by which Plaintiff would convey to the BLM a 160-acre tract of land in exchange for the 80 acres of property that the BLM had identified as the public land affected by the encroachments.

Page 5 -   COMPLAINT

LYNCH CONGER LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1000 SW DISK DRIVE
BEND, OREGON 97702

21. In April of 2013, having evaluated a land exchange option, and after a site visit to both properties, BLM officials concluded that remediation through a land exchange was not feasible, citing both cost (in an exchange the agency is mandated to split costs 50/50 with the other party to the exchange and the BLM simply did not have the money or expect that it would have the money any time within the next several years) and timing (as any exchange would likely take 3-5 years to complete). Instead, and as the preferred alternative, the BLM elected to resolve the trespass by direct sale of the affected public land to Plaintiff.

22. On July 9, 2014, the BLM notified Plaintiff of its elected Direct Sale approach, having concluded that the affected parcel is considered by the BLM to be an "edgeholding" along the eastern boundary of a large block of public land, and a small part of the McClellan Pasture Grazing Allotment 5131 in which Plaintiff is the authorized grazing operator.

23. In its Proposed Direct Public Sale Case Summary and Feasibility Study, the BLM concluded that the direct sale approach to remediate the trespass in this instance met the requirements of the Federal Land Management and Policy Act. Because of the occupancy and ownership fragmentation created by its location, the affected parcel was considered difficult or uneconomic to manage by the BLM and not suitable for management by another Federal department or agency. The Study also found that the affected parcel was not acquired by the BLM for a specific purpose, but rather was acquired in a land exchange initiated by the State of Oregon in its effort to divest itself of fragmented State land ownership patterns.

24. Included with that correspondence was a cost reimbursement agreement pursuant to which the BLM agreed to process the direct sale of the affected public land to Plaintiff in exchange for his agreement to reimburse the BLM for all reasonable costs incurred in

Page 6 -    COMPLAINT

LYNCH CONGER LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1000 SW DISK DRIVE
BEND, OREGON  97702

the direct sale process. Included in the Cost Reimbursement Agreement was a work plan that established a schedule for the completion of the direct sale process. Pursuant to that work plan and schedule, the BLM would complete its formal review of the Land Sale Proposal, and would in June of 2015, be prepared to issue the conveyance documents, thus completing the direct sale to Plaintiff in June 2015. In the interim between October 2014 and June of 2015, the BLM would complete all necessary tasks and on or before the dates established in the work plan. The agreement estimated the costs would be $48,791.00, which Plaintiff was required to pay in advance, and which he did pay on July 18, 2014.

25. Again, from July 18, 2014 to March of 2015, nothing was done nor was any progress made toward finalizing the agreed upon direct sale. The BLM official in charge of the Direct Sale process had left the BLM office and no replacement had been appointed in the interim. On March 23, 2015, the BLM prepared a second Case Summary and Feasibility Analysis which was, other than the new proposed timeline, identical to the first one done in July of 2014. However, the dates for completion of the requisite tasks were pushed out to August of 2016, and which were again modified on April 8, 2015. On May 22, 2015, a revised Notice of Intent was drafted but never published. In it, the size of the affected parcel to be sold was reduced from 80 acres to 17.5 acres, which the BLM identified as the minimum footprint per its regulations.

26. For the third time since the inadvertent trespass was discovered in 2008, the process languished, with no further progress until November of 2015 at which time the BLM established yet another timeline for completion; this time pushing the completion date out beyond February of 2017. Shortly thereafter in December of 2015, the BLM official responsible

Page 7 -   COMPLAINT

for the Direct Sale process retired and responsibility for the process was assigned to a new BLM official (Defendant Jeffrey Kitchens) who had no prior involvement in or experience with the project.

27. In June of 2016, Defendant Kitchens essentially started the entire process over again with the drafting of a new scoping letter and one that effectively ignored all that had been done by the BLM to that point. For the first time since the issue arose in 2008, and since the process began officially in 2013, the BLM through Defendant Kitchens made an issue of the ownership of the encroaching improvements, and required Plaintiff to obtain from the previous owners a corrected Warranty Deed and a Bill of Sale, thus stalling the process again for several more months.

28. In June of 2017, Defendant Kitchens had finally completed the scoping letter, and BLM told Plaintiff that the process was moving forward in earnest and anticipated completion by the end of the year.

29. In August of 2017, Plaintiff and his attorney met with BLM officials, at which time Defendant Kitchens confirmed the Direct Sale approach but extended the anticipated completion date to Spring of 2018.

30. In February of 2018, Defendant Kitchens, Teal Purrington, and the BLM's new District Manager, Defendant Dennis Teitzel, met with Plaintiff and his attorney. The BLM officials introduced a new draft Environmental Assessment that changed the entire dynamic of the process that had been pending for years. In it, the entire direction of the remediation process was changed from a Direct Sale to include other possible options that had theretofore been officially rejected by the BLM, including a removal of improvements, a land

Page 8 -   COMPLAINT

Lynch Conger LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1000 SW DISK DRIVE
BEND, OREGON  97702

lease, a land exchange, and/or public sale by open bid.  At the same time, and to the extent that there would be a completion date at all given the conflict created by this suddenly new and inapposite approach, it would not have been until late summer or fall of 2018 at the earliest.

31.     On the 21st day of August, 2020, Defendant issued a letter purporting to terminate the Agreement, and on the 1st day of April, 2021, issued a Revised Decision ("Decision") in which Defendant reiterated its intent to terminate said Agreement, and through which, ordered Plaintiff to remediate and reclaim the affected areas of said parcel by removing at Plaintiff's expense, all improvements which had been inadvertently placed on said affected parcel by Plaintiff's predecessor in interest, and thereby refusing to complete the direct sale as previously agreed.  The Revised Decision is attached hereto and labeled Exhibit 1.  Further, Defendant is now demanding Plaintiff reimburse Defendant $15,788.10 for Defendant's "investigation" of the matter.  The reimbursement demand is attached hereto and labeled Exhibit 2.

32.     Plaintiff has appealed said Decision and has asked that the same be Stayed.

### FIRST CLAIM FOR RELIEF
### (5 U.S.C. §§ 701-706)

33.     Plaintiff incorporates all preceding paragraphs.

34.     Under the authority of the Federal Land Policy and Management Act, 43 U.S.C. §§ 1711-1723 ("FLPMA") and under 43 C.F.R § 2710 *et seq.*, the BLM agreed to and began processing the direct sale of the property to Plaintiff.  The FLPMA provides that it is the policy of the United States that uniform procedures for any disposal of public land be established

Page 9 -    COMPLAINT

LYNCH CONGER LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1000 SW DISK DRIVE
BEND, OREGON  97702

by statute, and the BLM is required to follow those uniform procedures. The uniform procedures have been established by statute and by implementing regulations. Adherence to the required sales procedure constitutes a legally required action that is subject to judicial review and can be judicially compelled pursuant to the APA.

35. To date, the BLM has failed to engage in the legally required procedure applicable to the direct sale of public land to Plaintiff.

36. Plaintiff seeks an award in the form of a judicial order and judgment that compels Defendants BLM, Dennis Teitzel, and Jeffrey Kitchens to follow the direct sales procedure required of it pursuant to the FLPMA and implementing regulations. Plaintiff is entitled to attorney fees and costs, including reasonable attorney fees, reasonable expert witness fees, and other costs of the action to be paid by defendant pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412.

## SECOND CLAIM FOR RELIEF

### (5 U.S.C. § 555(b))

37. Plaintiff incorporates all preceding paragraphs.

38. Based on the BLM's initiation of the direct sale process authorized by the FLPMA and initiation of a Direct Land Sale case (serial number OR-65426), Plaintiff was a "party" to an "agency proceeding" and is entitled under 5 U.S.C. § 555(b) to bring a claim against BLM for failure to conclude a matter within a reasonable time.

39. Plaintiff requests the court award it all relief made available pursuant to claims brought under 5 U.S.C. § 555(b), including but not limited to a judicial order and judgment that compels Defendant BLM and Defendant Kitchens to take the discrete action

LYNCH CONGER LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1000 SW DISK DRIVE
BEND, OREGON  97702

required of it pursuant to the FLPMA, or other laws. Plaintiff is entitled to attorney fees and costs, including reasonable attorney fees, reasonable expert witness fees, and other costs of the action to be paid by defendant pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Court to grant the following relief on each of Plaintiff's claims:

A. A judicial order and judgment compelling Defendant BLM to follow the direct sales procedure required of it pursuant to the FLPMA and implementing regulations.

B. An award of Plaintiff's reasonable attorney fees, expert witness fees and other costs of the action.

C. Any further equitable relief this court deems appropriate in light of any applicable findings of fact and conclusions of law.

DATED this 21st day of April, 2021.

LYNCH CONGER LLP

*/s/ Gregory P. Lynch*
**Gregory P. Lynch**, OSB No. 752340
glynch@lynchconger.com
**Shannon McCabe**, OSB No. 143812
smccabe@lynchconger.com
**Benjamin Becker**, OSB No. 103358
bbecker@lynchconger.com
LYNCH CONGER LLP
1000 SW Disk Drive
Bend, Oregon 97702
Telephone: 541.383.5857
Facsimile: 541.383.3968

*Attorneys for Plaintiff Dr. Charles McGrath*

Page 11 -    COMPLAINT

LYNCH CONGER LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1000 SW DISK DRIVE
BEND, OREGON 97702

**JURY TRIAL DEMANDED**

Plaintiff Dr. Charles McGrath hereby demands a jury trial on all questions of fact or combined questions of law and fact raised in this Complaint.

DATED this 21st day of April, 2021.

LYNCH CONGER LLP

*/s/ Gregory P. Lynch*
**Gregory P. Lynch**, OSB No. 752340
glynch@lynchconger.com
**Shannon McCabe**, OSB No. 143812
smccabe@lynchconger.com
**Benjamin Becker**, OSB No. 103358
bbecker@lynchconger.com
LYNCH CONGER LLP
1000 SW Disk Drive
Bend, Oregon 97702
Telephone:  541.383.5857
Facsimile:  541.383.3968

*Attorneys for Plaintiff Dr. Charles McGrath*

Page 12 -    COMPLAINT